Again, your honors, and may it please the court, I'd like to move past the factual questions in this appeal, whether there is substantial evidence or not substantial evidence, and get just to the final decision for my first comments, the final legal conclusion of obviousness. This was a single reference obviousness case, where supposedly Lau was the reference providing a motivation, at least, to modify leasing, the primary reference, to practice the claimed invention. And the supposed modification of leasing was going to be that we would extend that front passenger side airbag into the back seat to protect the rear passengers. The problem with the district court, with the PTAB's decision, is that that was a flawed analysis of the entire record. There was no evidence in leasing, in Lau, even from the expert testimony advanced by the petitioner, that one would have, would have extended that airbag from the front passenger side to the rear passenger side. Now the case law from this court, as your honors are fully aware, says that when you have a single reference obviousness case, and the proposal or the theory is that one would have modified it to add a missing structural limitation. This court's law says, analyzing KSR and the whole bit, says that you have to have documentary evidence. You have to have something in the prior art which shows the desirability of that change. And I can cite to you the here, here, K slash S here way, I think. The here way case, the Urbanski case. Those say that we take special care. I don't know, I'm not clear on what you're saying. We don't need a specific suggestion or motivation to combine, right? Wasn't that what KSR was all about, that you don't need an express statement of that? Or are you saying that you do need an express statement in the prior art? I, I disagree slightly. KSR says you need a, you need evidence of a reason to combine. Right. And so this has come out in the federal circuit. But KSR also says that you can, you can take into account the practicalities of what you're looking at, what a procedure's looking at. That's right. You can take into account common sense. Common sense. And here way actually clarifies it in this court. When you have a combination proposed where all the claim limitations are actually there. It's a different world entirely under this court's precedent. When you have a single reference theory and your theory of obviousness is that someone's going to take a structural claim limitation and tack it on top of what's not there in the single reference. There we have strict scrutiny. Not those words, but we have a searching inquiry. That is the words from the case law. A searching inquiry of whether the record contains the documentary evidence. Doesn't the reference in KSR to common sense go to where there's a gap in the prior art references and it simply takes common sense to, for a proceeding to look at that and say, okay, this is what I need to do and I'll combine here. Absolutely true. True in the case of a proposed combination where all the claim limitations are already disclosed. Not true in the case of a proposed obviousness theory where you have a single reference and it's entirely missing the claim limitation. I'm not standing here telling you that it's missing the claim limitation. I'm talking about the leasing reference. My brother will have to address that because in his own petition at page 222 of the record, they acknowledge that the leasing prior art does not disclose an airbag, a single airbag, extending from the front side to the rear side. So the record here does not go so far even as to say that- That's what the prior art allow discloses, correct? The Lowe prior art, we actually in one aspect of our argument, we have no problem with combining Lowe with leasing because when you do that, the intuitive thing to do is to put Lowe's structure into the combination. But Lowe's structure is a second airbag. It's a second airbag. It doesn't even come from the ceiling. It comes from the side. If you can imagine, you'd be sitting in the car and the window would be at one level. Below the window level, the Lowe airbag would sort of pop out right next to you on the side below the window level. That's Lowe. That's a separate airbag. So there's not any suggestion in Lowe, in leasing, or even in the expert testimony advanced by my brother. But Lowe is the rear airbag, right? I didn't hear him say Lowe. Lowe is the rear. The rear. It's an airbag in the rear. So if you take an airbag in the front, we're all dealing with the sides, and you have prior art that has an airbag in the rear, why not combine those two to have one airbag that covers the front and the rear? There's nothing in the record suggesting that someone of skill in the art would have made that combination, Your Honor. You just have to have—we have to have a record support. Why isn't that a common-sense combination? If it were a common-sense combination, the Hearaway case says we have to have documentary evidence in the record. We simply don't. In fact, I urge Your Honors to look at page 713 of the record. That's the page that contains the only paragraph— But why aren't the prior art references that evidence that you say is lacking? I'm sorry, Your Honor. Why is it that the prior art references, the two prior art references here, are not that evidence that you say is lacking? I mean, you do have an airbag in the front. You have one in the rear. There's a gap there. Why is it that a poseidon can't come and just use common-sense to say, I'm going to extend this airbag in the front to the back? If there were evidence of common-sense, this would be a different case. There is no evidence. There's no documentary or even testimonial evidence. Common-sense is based on the education and experience of a poseidon, and it's a factual finding, what the court makes, and the court made it in this case. Your Honor, if I may answer the question this way and ask it in the reverse, why wouldn't somebody put Lau's technology in the combination with Leasing? The magnetic pull, the gravitational pull of a skilled artisan would be to take the ostensibly working and fully functioning disclosure of Lau and actually combine it with the disclosure of Leasing. Whether they do or don't or can or can't has nothing to do with this case. Just because there's an alternative combination they could have done doesn't mean that this one should be allowable. What is the case you've referenced now two times? Right, that's right. The Hearaway case. It was about hearing aids. I can't hear you. What's the name of the case? There's a subsequent case that called it Hearaway, but its exact style is K-slash-S-H-I-M-P-P. Oh, okay. And that was the hearing aid case. So if you can picture a hearing aid with multiple electronic modules, one of them is in the back of the ear, another is in the inner ear. The issue there was the claim had a requirement of a multiple prong electrical connector. So the common sense that was supposedly found by the inter partes reexamination examiner and then affirmed by the board was that it would have been common sense, because everybody knows that electrical connectors can have multiple plugs, it would have been common sense to, say, use a multiple plug for that electrical connector. And this court was absolutely emphatic that if you're going to go in that direction with a single reference modification theory, you have to have documentary evidence that that existed in the world. You can't just use your judicial common sense. You can't use your hindsight common sense in the year 2018. There must be documentary evidence. So the type of thing that we don't see here is, for example, a doctoral thesis deposited at the library of the University of Michigan, where they do a lot of automotive research. You don't see a doctoral thesis popping out of nowhere saying, hey, let's make these airbags encroach into the other passenger compartment. Nothing like that exists on the record.  The only thing he ever really says on this point is he says it would have been obvious. I mean, he puts the word obvious in the only, if you call it probative, sentence in his paragraph 58 on page 713. That's the definition of a conclusory expert opinion. What he never says, even in his testimony when he's trying to, I suppose he's trying to support the case, he never says that one would have extended, he never even says it's common sense, by the way, that one would have extended leasing's front side airbag rearward into the rear passenger compartment. And by the way, the claim limitation we're talking about actually has the word extending, the word extending. That's very important. I apologize. The board did credit the testimony of Dr. Prasad when he said that Lao itself discloses to protect occupants in the rear seats. That's correct. We don't debate that. But what that means is there's a magnetic pull to the skilled artisan to go put Lao's technology, if you're going to do anything with the combination, put Lao's technology in the rear seat. A magnetic pull. Well, a person of skill in the art would see how Lao does it and would practice Lao. And that involves putting a second airbag that reaches backward from below the window well, we're just using a portion of Lao, and that portion of Lao is that we've got a rear airbag. Can't you do that? Then what that leads you to, this is why the legal conclusion of obviousness is flawed, that leads you to a second airbag. And I haven't said this clearly enough, I apologize. The claim requires a single side curtain airbag. Yeah, but can't we conclude, whether it's common sense or whatever, that if you've got two references and one has a front airbag and one has a rear airbag that you would be motivated to modify it into one airbag that covers the front and the back, right? I don't think there is such a notion of common sense. These are technological designs where you have to accommodate many factors in the engineering, in the safety engineering, especially of a car. Well, that goes to another aspect of obviousness, right? How difficult it would be to modify the references to achieve the results, right? Absolutely. Kind of a different inquiry. And isn't that a substantial evidence review, and isn't that one where we'd have to defer to the board? Well, I would concede that a reasonable expectation of success analysis receives the deferential review. And I'm not debating that that standard review is deferential, it's substantial evidence. But here, the ultimate legal conclusion of obviousness must be rationally based. There's no reasoning for why the skilled artisan would have done this change, this modification, this alteration to leasing, where there's no record support that there is any person of skill in the art who would have extended an airbag into another seating area. I see I'm into my rebuttal time. Thank you. We'll hear from the other side. May it please the Court. I'd like to address one thing my colleague said about the single reference obviousness versus two references. The board quite clearly in their decision, in their final written decision on page 15, and it's in the appendix 15, and clearly articulates that the petitioner was relying on, is relying on, a combination of the two references. And so it's not a single reference obviousness. So one of the fundamental positions that the patent owner is taking here is just misapplied. What the board did find was that there was evidence to modify leasing to extend the airbag into the rear seat. And the reason for doing that was the pretty straightforward reason to protect rear seat occupants. But this is an odd kind of combination case, right? Because it's not one where you just take reference A and reference B and put them together, right? That's correct. I mean, it could just as easily have been a single reference saying you've got a front airbag. It's obvious to extend it to the back, right? One could think that it is a reference that gets extended into, or I'm sorry, an airbag that gets extended into the rear. But what we're looking at with leasing is kind of the sum total of all the claims. Now, we're focusing primarily on kind of that disputed limitation of whether or not a single airbag extends to the rear. But what leasing and Lau address are all the different limitations of the claim. And that's why the whole missing element kind of thesis that they have is incorrect, because there is a single airbag. That single airbag, as the board described and did their careful analysis, said that that single airbag could be extended into the rear. And the reason why it could be extended is that protection of the rear seat occupant. And that fundamentally, I think, is the job the board had to do, and they did it. The patent owner can complain about the result, about the combination, whether or not the more, in their view, logical combination would be a combination of Lau and leasing would be two airbags, one in the front, one in the rear. But that's not what the board considered. That's not what our position was. And what the board credited our expert testimony with was that one could extend leasing all the way back to the rear, and that that itself rendered the claims obvious. So all we're drawing from the reference of Lau is the fact of a rear airbag. That is one of the things that we're getting from Lau. The other, Lau has a single inflator. Lau has kind of the setup. It's protecting both the front and the rear. So the main thing we're getting from Lau is that teaching of the protection of the rear seat. That is correct, Your Honor, but I don't want to kind of isolate what Lau is teaching, because what it's teaching is so much more about the use of airbags and protection. It's the reason why, and it's the reason why my colleague is not changing, is not kind of saying that the references can't be combined. They clearly can be combined. And what their challenge is that they want to have a different combination than the board considered. They want to have a different combination than the board ultimately decided. So where is the motivation to do the combination that the board selected that you advocated? Where is the motivation? It's on page 713 of the appendix, and it is in paragraph 58 of the expert report, which is page 738. There's also expert testimony with regard to the motivation to combine, and there I would also point you to appendix 1384 to 1386, where Dr. Korsad addressed all the issues that the patent owner raised in their patent owner response, the combination of the references, the reasonable expectation of success, the testing that would be required. All of those things that the patent owner identified in the patent owner preliminary response are things that our expert addressed. There's also kind of expert testimony and deposition, because what Dr. Korsad, being a declarant, was subjected to a deposition, to a cross-examination to challenge his position. And throughout his deposition, he talked about the testing that would be required and all the things, the indicia of a reasonable expectation of success that someone skilled in the art would have. And I think it's important to recognize that the board credited Dr. Korsad's testimony with regard to that combination, and that testimony was subject to cross-examination. I think if the board has any questions, I'd be happy, if the panel has any questions, I'd be happy to answer them. But if not, I will see the rest of my time. Thank you. Okay. Let me tell you what is disturbing me really about this case, and I was just taking another look. I can foresee, not know anything about these mechanics, that the design, the mechanical, can you hear me all right? I think so, yes, thank you. I don't know if this, maybe that helps. Oops. Does this help? Much, very much, thank you. That the mechanical implementation of this expanded structure, where an impact at one point might actually have a consequence over the entire side of the vehicle or whatever it is, that there would be details in the implementation that might provide an easier solution. But it looks to me, again, taking a quick look at the claims, as if the claims all really are broadly directed without a few extra words. But still without changing the concept, the broad concept of an entire curtain side airbag, front and back, without additional limitations that might add some consequence of unobviousness. There are additional limitations about single inflator, but essentially what we're focusing... They aren't substantive as far as I could tell. That's my question, Rob. Okay. Where we're focusing today is indeed on the part of the claim which says you have a single airbag that extends across multiple side compartments. It's a single side curtain airbag for two passenger rows. That's correct. And if I may, I hope that answers your question, Your Honor. If I may turn to what I just heard from my brother here. He indicated that the record showed the testimony relied on by the board was that the airbag could be extended. I mean, could be extended. If we go to this court's case law, could have done or could extend is never the law. It's would have. That's the legal standard that supports a motivation to combine or a suggestion to change or modify. It's would have, not could have. And one other important point about the case law that we have to put on the table here is that that motivation or suggestion has to lead to the claimed invention. It has to suggest and achieve the claimed invention. And that's kinetic concepts in all the cases after that, such as newvasive. So one final point before I step away. It's that there were, in fact, undisputed reasons why one would not have approached leasing to make the modification suggested by the petitioner. And there were many reasons, but these particular ones I'm going to mention were undisputed. By 1995, frontal airbags that come to the passenger from the very front were required. If you put a frontal airbag into the leasing prior art, it's got a torso airbag coming from the ceiling and the side airbag that's connected to that torso airbag. An out-of-position occupant would have been subjected to what I'm going to call a one-two punch. And at 1725 to 1726, we have our expert explaining that crashes are often concatenated events. So does a combination of the two airbags into one airbag eliminate that risk that you're talking about? It would exacerbate it, because the expert testimony was that one would require an even more powerful inflator to accommodate the expansion, supposedly, that's going to happen to make this single airbag even bigger to go to the rear seat. So the one-two punch would be exacerbated. And if you can imagine, a severe spinal injury or death will unnecessarily occur. And I say unnecessarily, because the skilled artisan would run away screaming from a reference like leasing. One final point, if I may, I see I'm beyond my time, but I'll finish very quickly. 1728, children who are out of position can have their heads and spines crushed by the leasing technology. Further reason not to go there. So therefore, the legal conclusion of obviousness was wrong, Your Honors. We respectfully request that this court reverse the board. Thank you. We thank both sides. The case is submitted. That concludes our proceedings for this morning. All rise.